STATE of Tennessee, ex rel. David M. PACK, Commissioner of Highways and Public Works, Plaintiff–Appellant,

v.

Joe Jack CASTLE et ux, Respondents–Appellees.

Supreme Court of Tennessee.

Sept. 2, 1980.

William M. Leech, Jr., Atty. Gen., Robert J. Ames, Asst. Atty. Gen., Nashville, for plaintiff–appellant.

Geary P. Dillon, Jr., Whitwell, for respondents–appellees.

## OPINION

FONES, Justice.

This is an appeal from an eminent domain proceeding to determine the amount of incidental damages to defendants' property from the failure of the State to construct as planned sidewalks, curbs, and gutters along an abutting road. The sole issue in this appeal is whether the Court of Appeals properly reinstated the jury award and reversed a remittitur ordered by the trial judge.

In 1967 the State condemned one acre of defendants' property for highway construction. A trial was held in March 1968 to determine defendants' damages from the taking. At that trial evidence was introduced that the highway plans called for construction of sidewalks, curbs, and gutters where the proposed highway abutted defendants' property. That jury awarded defendants $2,500, $2,000 for the acre condemned and $500 for incidental damages in excess of incidental benefits.

The highway was completed in 1973, but the State amended its plans and did not build the proposed sidewalks, curbs and gutters. Since completion of the highway defendants' land has flooded during periods of heavy rain. Defendants sought a new trial for damages to their property. A new trial was denied, and defendants appealed to the Court of Appeals, which granted a new trial but only on the issue of incidental damages and benefits arising from the failure to construct sidewalks, curbs, and gutters.

The proof on the issue of incidental damages, that is relevant to the only issue before this Court, was provided by the testimony of the land owner, Joe Castle, and his expert witness, James Kelly. The two experts offered by the State testified that Castle sustained no incidental damages in excess of incidental benefits.

Castle testified that in his opinion he had suffered $9,100 in incidental damages. At no point in his testimony does he relate the basis for computing this figure. Similarly, his testimony fails to connect these estimated damages to the absence of sidewalks, curbs, and gutters. Even more troubling is the fact that under repeated questioning by his attorney, Castle insisted that the incidental benefits from the highway construction, i. e. increased business at his commercial establishments, was equal in value to the incidental damages to his property. Simply put, Castle's testimony was not credible proof of incidental damages in any specific amount whatsoever, and it is crystal clear that that was the evaluation placed upon his testimony by the trial judge.

**52**

James Kelly testified that Castle had sustained $5,000 in incidental damages and received no incidental benefits. There was no issue raised as to his credibility.

The Court of Appeals expressly noted that the jury had found Mr. Castle's testimony credible but that the trial judge had rejected his testimony. That Court made no effort to resolve that conflict or discuss its significance. Reluctantly, the Court of Appeals concluded that it had no choice under *Smith v. Shelton,* 569 S.W.2d 421 (Tenn.1978) but to restore the jury verdict because, it said, both the $8,000 jury verdict and the $5,000 award after remittitur by the trial judge were within the range of reasonableness.

In *Smith v. Shelton, supra,* the court said: "The credibility of expert and lay witnesses and the probative value to be given their respective testimony is, of course, involved in determining the range of reasonableness. Appellate review should involve a determination of whether the jury's verdict or the trial judge's use of a remittitur or additur has established or rejected the credibility of any witness. The amounts awarded by the jury and the trial judge may also indicate the probative value given to the testimony of the witnesses. Throughout the review, the jury's determinations should be given primary weight and the trial judge's secondary weight." *Id.* at 427.

This record reflects that the jury gave some probative value to the testimony of Castle in rendering a verdict $3,000 in excess of the next highest estimate of incidental damages. It also reflects that the trial judge found Castle's testimony incredible and totally disregarded it, making the remittitur on his own motion. Our reading of Castle's testimony leaves us with the inescapable conclusion that it was entitled to no probative value whatsoever. It is therefore apparent that the upper range of reasonableness in this case was $5,000 and the trial judge correctly reduced the award to that figure.

The judgment of the Court of Appeals is reversed and that of the trial court affirmed. This cause is remanded to the trial court for entry and enforcement of the appropriate decree. Costs are adjudged against Castle.

BROCK, C. J., and COOPER and HARBISON, JJ., concur.